# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

_____

AMAR GUEYE,
        Plaintiff

    vs                                 Case No. C-1-05-cv-081
                                                (Hogan, MJ)

UNIVERSITY OF CINCINNATI et al.,
        Defendant

_____

## REPORT AND RECOMMENDATION
_____

       This matter is before the court on the Motion to Dismiss by Defendants University of Cincinnati ("UC") and UC employee Mitchell D. McCrate (Doc. 2), Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 3), the Reply Memorandum In Support of Defendant's Motions to Dismiss by Defendant (Doc. 4), and Plaintiff's Reponse to Defendant's Memo (Doc. 5).

       Pro se Plaintiff brings this action for employment discrimination based upon religion and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et.seq.  Plaintiff alleges that he was denied employment by UC and UC's Associate General Counsel Mitchell D. McCrate based on his religion and national origin.

## BACKGROUND

       Plaintiff, a Muslim from Senegal, West Africa, claims that he applied for two positions at UC, the Program Coordinator position on April 30, 2004 and the position of Director, Student Development/CAS on March 1, 2004 , and was denied both positions based on his religion and national origin. (*See* Doc. 1, Charge of Discrimination, attached).   According to Plaintiff, with respect to the Program Coordinator position, UC's reason for denial was a desire to find a

candidate whose background "more closely matched its need". (Id.). With respect to the position of Director, Student Development/CAS, UC's reason for denial was that the position was only available to candidates who already worked at UC at that time. (Id). Further, Plaintiff claims that, since 2000, UC has denied him employment for several other positions for similar reasons. (Doc. 1). According to Plaintiff, UC makes a practice of employing Christian People of American descent in administrative positions.[1] (Id.). This belief caused him to file his Charge of Discrimination on June 14, 2004. (Id.). On February 3, 2005, Plaintiff received notice from the Equal Employment Opportunity Commission ("E.E.O.C.") of his right to sue. Proceeding *pro se*, on February 4, 2005, Plaintiff filed the action at issue. (Id.).

## OPINION

The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). To that end, for purposes of a motion to dismiss under the Rule, the complaint must be construed in a light most favorable to the nonmoving party and its allegations taken as true. *See Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Miller v. Curtis*, 50 F.3d 373, 377 6th Cir. 1995). To survive a motion to dismiss under Rule 12(b)(6), "a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)(citations and internal quotation marks omitted). As the court stated in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Thus, the Court is not concerned at this time with resolving the facts or the merits of the case, but rather the formal sufficiency of the statement of the claim for relief. *See Klusty v. Taco Bell Corporation*, 909 F.Supp. 516 (S.D.Ohio 1995)(Merz, M.J.)

---

[1]Noteworthy in its absence from Plaintiff's Complaint is an allegation that Mr. McCrate, in his role as Associate General Counsel, is an employer rather than an UC employee.

2

## Defendant's Motion to Dismiss Should be Granted

The Sixth Circuit has addressed the issue of individual liability under Title VII.  In *Wathen v. General Electric Company*, 115 F. 3d 400 (6th Cir. 1997), the Sixth Circuit examined the statutory scheme and remedial provisions of Title VII and concluded that Congress did not intend to provide for individual employee/ supervisor liability under Title VII.  *See Id.* at 405-406.  The Sixth Circuit explained that it was inconceivable that Title VII, which limits liability to employers with fifteen or more employees, could simultaneously allow civil liability to run against individual employees.  *See Id.* At 406.  The Sixth Circuit further reasoned that Title VII's remedial provisions were incompatible with the imposition of liability on individual employees for violations of the Act.  *See Id.* As the court noted, prior to 1991, a successful Title VII plaintiff was limited to reinstatement and back pay, remedies which are only available from the employer. When Congress enacted the Civil Rights Act of 1991, it added compensatory and punitive damages for intentional discrimination under Title VII, amounts which were calibrated to the size of the employer.  *Id* at 406; *see also* 42 U.S.C. § 1981a. The court reasoned that the absence of a provision for damages to be paid by the individuals was further evidence of the lack of Congressional intent to hold individuals liable.  Thus, the Sixth Circuit held that "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII."  *Id* at 405.

The Second, Fifth, Seventh, Eighth, Ninth, Tenth, Eleventh, and D.C. Circuits have similarly held that Title VII does not impose liability on individual employees.  *See Tomka v. Seiler Corp.,* 66 F.3d 1295, 1313 (2d Cir. 1995); *E.E.O.C. v. AIC Secuirty Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995); *Lenhardt v. Basic Institute of Tech. Inc.*, 55 F.3d 1391, 1399 (D.C. Cir.), cert. denied, (1995); *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994); *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 588 (9th Cir. 1993); *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993).

In light of the authority cited above, we conclude that the individual Defendant may not be held personally liable under Title VII.  Plaintiff does not allege that Mr. McCrate is an employer. (Doc. 1).  An individual employee who does not independently qualify under the statutory definition of "employer" cannot be held personally liable under Title VII.  *Wathen v General Electric Co.*, 115 F.3d

3

400,405 (6th Cir. 1997).  Plaintiff ignores this argument.  Accordingly, Plaintiff's religion and national origin claims against Mitchell D. McCrate should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1)    Motion to Dismiss of Defendant Mitchell D. McCrate (Doc. 2) be granted and Plaintiff's Complaint be dismissed as to this defendant.

Date:   1/25/2006          s/Timothy S. Hogan
                            Timothy S. Hogan
                            United States Magistrate Judge

4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

_____

AMAR GUEYE,
          Plaintiff

     vs                                     Case No. C-1-05-cv-081
                                               (Hogan, MJ)

UNIVERSITY OF CINCINNATI et al.,
          Defendant

### NOTICE

Attached hereto is the Report and Recommended decision of The  Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on   1/26/2005. Any party may object to the Magistrate's findings, recommendations and report within ten (10) days after being served with a copy thereof or further appeal is waived.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also* Fed. R. Civ. P. 72(b). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made along with a memorandum of law setting forth the basis for such objections. (Such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

1: 05 cv 81   Doc. 9

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X □ Agent □ Addressee<br>B. Received by ( *Printed Name*)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Amar Gueye<br>799 E. McMillan #104<br>Cinti, OH 45206 | D. Is delivery address different from item 1? □ Yes<br>If YES, enter delivery address below: □ No<br><br><br>3. Service Type<br>☑ Certified Mail □ Express Mail<br>□ Registered □ Return Receipt for Merchandise<br>□ Insured Mail □ C.O.D. |
| | 4. Restricted Delivery? *(Extra Fee)*   □ Yes |
| 2. Article Number<br>(Transfer from service label)   7001 2510 0008 6348 2528 | |
| PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1540 | |