```
                      UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF OHIO
                           WESTERN DIVISION
```

AMAR GUEYE,                        :    NO. C-1-05-081
                                   :
    Plaintiff,                     :
                                   :    **ORDER**
  v.                               :
                                   :
UNIVERSITY OF CINCINNATI           :
    et al.,                        :
                                   :
    Defendants.                    :
                                   :
                                   :

This matter is before the Court on the Magistrate Judge's January 26, 2006, Report and Recommendation (doc. 9), Defendants' Objections to the Magistrate Judge's Report and Recommendation (doc. 11), and Plaintiff's Response to Defendants' Objections to the Magistrate Judge's Report and Recommendation (doc. 12).  For the reasons indicated herein, this Court ADOPTS the Magistrate Judge's report (doc. 9) and GRANTS Defendant McCrate's Motion to Dismiss (doc. 5).

**I.  Background**

    Plaintiff Gueye, a Muslim from Senegal, West Africa, claims to have applied for and been denied several positions at the University of Cincinnati ("UC") since 2000 (doc. 2).  Alleging that he has been repeatedly denied employment at UC because of his skin color and his religion, Plaintiff filed this action for employment discrimination, based on religion and national origin, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§2000e, et. seq (Id.).  Plaintiff, in his Charge of Discrimination to the Equal Employment Opportunity Commission ("EEOC"), specifically alleges that he was discriminated against when UC did not hire him for the position of Program Coordinator on April 30, 2004, or for the position of Director, Student Development on March 1, 2004 (Id.).  According to Plaintiff, UC's stated reasons for not hiring him for either position were that the University sought candidates "whose backgrounds more closely matched its need" and that "resumes of those not working at the University were not accepted" (Id.).  Plaintiff contends that UC hires "white [Muslim] converts to cover up their racist practices," and that the University employs "predominantly Christian people of American descent in administrative positions" (Id.).

Plaintiff named both UC and Mitchell D. McCrate ("McCrate"), UC associate general counsel, as Defendants in this action for employment discrimination (Id.).  Plaintiff's Complaint does not contain an allegation that McCrate is an employer in his role as associate general counsel (Id.).  Plaintiff received notice from the EEOC of his right to sue on February 3, 2005, and the following day Plaintiff filed, pro se, the instant Complaint (Id.).

**II.  The Magistrate Judge's Report and Recommendation**

The Magistrate Judge outlined the standard for a 12(b)(6) motion to dismiss, which this Court incorporates by reference (doc. 9, citing Scheuer v. Rhodes, 416 U.S. 232 (1974) (facts alleged in

2

the complaint must be viewed in the light most favorable to the non-moving party and must be assumed to be true); Conley v. Gibson, 355 U.S. 41, 45-46 (1957)("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief")).

The issue before this Court is thus whether the Plaintiff can prove any set of facts to support his claim against the individual Defendant McCrate such that the Plaintiff could recover under his legal theory. In short, as the Magistrate Judge stated, the question is whether an individual employee may be held liable for employment discrimination under Title VII (doc. 9). If an individual may not be held liable under such circumstances, Defendants' motion to dismiss the claim against Mr. McCrate must be granted. Plaintiff will thus have failed to state a claim upon which relief could be granted, even if, as required, all facts are viewed in the light most favorable to him. If, however, Title VII does impose liability on individual employees, the Court may not grant Defendants' motion.

The Magistrate Judge reviewed the relevant case law and found that individual employees who do not independently qualify under the statute's definition of "employer" cannot be held personally liable under Title VII (Id.). The Magistrate Judge particularly noted that Wathen v. General Electric Company, 115

3

F.3d 400 (6th Cir. 1997), the controlling Sixth Circuit decision here, held that individuals cannot be held personally liable for employment discrimination under Title VII (doc. 9, citing Wathen, 115 F.3d at 405). As the Magistrate Judge observed, in Wathen, the Sixth Circuit included a thorough statutory analysis to ascertain Congressional intent on personal liability (Id., citing Wathen, 115 F.3d at 405-06). Further, the Magistrate Judge noted that the Second, Seventh, Eighth, Ninth, Tenth, Eleventh, and D.C. Circuits have similarly held that individual employees are not subject to liability for employment discrimination under Title VII (Id.).

### III. Plaintiff's Objections to the Magistrate Judge's Report

Plaintiff Gueye filed his Objection to the Magistrate Judge's Report and Recommendation on February 8, 2006 (doc. 11). Plaintiff did not provide a legal basis for objecting to the Magistrate Judge's Report (Id.). Instead, Plaintiff stated the report was a "major and monumental error" because the judge failed to investigate the particulars of McCrate's job responsibilities at UC, including his job description, and salary (Id.). Plaintiff further appears to believe his Complaint should trigger an investigation into how many African Muslims whom McCrate had denied employment (Id.). Plaintiff also stated that without an "adversary hearing," his due process rights will be violated (Id.).

### IV. Discussion

As the Magistrate Judge found, the question of individual

4

liability under Title VII is settled law in the Sixth Circuit (doc. 9). Plaintiff's claim against Defendant McCrate, an individual employee of the University of Cincinnati, therefore cannot withstand a motion to dismiss. As for Plaintiff's request for a hearing, this Court finds that, because the law on this point is settled, and because Plaintiff has failed to state a claim against Defendant McCrate for which relief could be granted, a hearing is not warranted.

**V. Conclusion**

Having reviewed this matter *de novo*, pursuant to Title 28 U.S.C. § 636, this Court finds the Magistrate Judge's Report and Recommendation to be thorough, well-founded, and correct (doc. 9). Accordingly, the Court hereby ADOPTS the Magistrate Judge's report (*Id.*), AFFIRMS the Magistrate Judge's recommended decision (*Id.*), and GRANTS Defendants' Motion to Dismiss the complaint against Mitchell D. McCrate (doc. 5). As Defendants noted in their response to Plaintiff's request for a hearing, these motions affect only Defendant McCrate; Plaintiff's claim for relief against the University of Cincinnati remains.

SO ORDERED.


Date March 22, 2006

/s/ S. Arthur Spiegel
S. Arthur Spiegel
United States Senior District Judge


5