```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
```

AMAR GUEYE,                       :    NO. 1:05-CV-00081
                                  :
        Plaintiff,            :
                                  :    **OPINION AND ORDER**
   v.                             :
                                  :
UNIVERSITY OF CINCINNATI,         :
                                  :
        Defendant.            :
                                  :

       This matter is before the Court on the Magistrate Judge's November 17, 2006, Report and Recommendation (doc. 22), and Plaintiff's Response (doc. 23).  For the reasons indicated herein, this Court ADOPTS the Magistrate Judge's Report and Recommendation, DENIES Plaintiff's Objections, GRANTS Defendant's Motion to Compel, ORDERS Plaintiff to amend his responses to Defendant's interrogatories, as detailed herein, and DENIES Defendant's motion to dismiss (doc. 19).  The Court further DIRECTS the clerk to STRIKE Plaintiff's Response from the record.

**I.   Background**

       Plaintiff filed his Complaint, in February 2005, alleging discrimination on the basis of religion and national origin in violation of Title VII, 42 U.S.C. § 2000e, et seq. (doc. 2). Although the parties conducted their initial Rule 26(f) conference, Defendant stated it made many attempts to obtain Plaintiff's Initial Disclosures, to no avail, and thus was forced to file a Motion to Compel, on August 18, 2006 (doc. 18).  Defendant

subsequently filed a Motion to Dismiss, based on Plaintiff's failure to cooperate in discovery (doc. 19). Plaintiff responded that he has no information for an initial disclosure, he did not receive notice for his deposition until after the scheduled date, and he answered the questions to the best of his ability (doc. 20). Plaintiff's response, however, as noted by the Magistrate Judge, went well beyond these statements, and contained "irrelevant and at times irrational rants," and "is utterly useless as a response to Defendant's motion" (doc. 22).

**II.     The Magistrate Judge's Report and Recommendation and Plaintiff's Response**

The Magistrate Judge reviewed the record carefully and concluded that Plaintiff has failed to provide the fundamental initial disclosures of any witness or document he intends to use at trial or on a motion to support his claims (Id.). The Magistrate Judge also found pertinent Defendant's discovery requests, which Plaintiff characterized as frivolous (Id.) Specifically, the Magistrate Judge found that Plaintiff had failed to respond adequately to Defendant's Interrogatory #4, for information relating to any litigation or legal proceedings in which Plaintiff has been a party, and for information regarding any charges or grievances he has filed; to Interrogatory #5, for any past criminal history, and to Interrogatories #10 and #12, which seek information concerning Plaintiff's employment history and attempts to seek employment (Id.).  The Magistrate Judge further found that

Plaintiff failed to respond to Defendant's Document requests 7, 14, and 15, "and instead of either producing the requested documents, denying the existence of such documents, or stating an objection to the requests and the basis therefor, Plaintiff provides non-responsive rhetorical questions and irrelevant anecdotes" (Id.).

The Magistrate Judge next addressed Defendant's contention that Plaintiff's failure to appear for a scheduled deposition warrants the dismissal of his Complaint (Id.). The Magistrate Judge concluded that as Plaintiff indicated he received notice of such deposition after the fact, and because neither party made efforts to reschedule the deposition, dismissal is not warranted (Id.).

The Magistrate Judge concluded that Defendant's Motion to Compel should be granted (Id.). As such, the Magistrate Judge recommended the Court order Plaintiff to amend within fifteen days his responses to Interrogatories 4, 5, 10, and 12, or clearly state the reasons for his inability to answer, and order Plaintiff to produce within fifteen days documents responsive to Defendant's Requests for Production of Documents 7, 14, and 15, or clearly state the reasons for the non-production thereof (Id.). The Magistrate Judge further indicated the Court should order that Plaintiff shall clearly set forth any objections to such discovery requests and indicate the grounds for any such objections (Id.). Finally, the Magistrate Judge recommended that the Court deny

3

Defendant's Motion to Dismiss (doc. 19).

Plaintiff filed his Response on December 4, 2006 (doc. 23). The Court has reviewed such response and finds it outrageous.

### III. Conclusion

The Court finds the Magistrate Judge's Report and Recommendation well-taken in all respects. Plaintiff's Response to the Magistrate Judge's Report and Recommendation (doc. 23) is scurrilous and should be stricken from the record. The Court will tolerate no further irrelevant filings from Plaintiff, and any further such filings by Plaintiff will result in the dismissal of his case. Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980)(dismissal is an appropriate sanction pursuant to Fed. R. Civ. P. 41 where there is a "clear record of delay or contumacious conduct by the plaintiff").

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, this Court finds the Magistrate Judge's Report and Recommendation to be thorough, well-founded, and correct (doc. 22). Accordingly, the Court hereby ADOPTS the Magistrate Judge's report (Id.), AFFIRMS the Magistrate Judge's recommended decision (Id.), and GRANTS Defendant's Motion to Compel Initial Disclosures (doc. 18). The Court ORDERS Plaintiff to provide complete initial disclosures within fifteen (15) days; ORDERS Plaintiff to amend his responses to Interrogatories 4, 5, 10, and 12, to provide FULL and

4

COMPLETE answers to Defendant's Interrogatories, or clearly state the reasons for his inability to answer, WITHIN FIFTEEN (15) DAYS; and ORDERS Plaintiff to produce documents responsive to Defendant's Request for Production of Documents 7, 14, and 15, WITHIN FIFTEEN (15) DAYS, or clearly state the reasons for the non-production thereof.  Plaintiff shall clearly set forth any objections to Defendant's Interrogatories or Requests for Production of Documents and the grounds for such objections.  The Court DENIES Defendant's Motion to Dismiss (doc. 19).  Finally, the Court DIRECTS the Clerk to STRIKE Plaintiff's Response (doc. 23) from the record.

       SO ORDERED.

Date January 10, 2007       /s/ S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge