# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

AMAR GUEYE,
    Plaintiff

vs

UNIVERSITY OF CINCINNATI,
    Defendant

Case No. C-1-05-81
(Spiegel, J)
(Hogan, M.J.)

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. 29) and Plaintiff's Response to Defendants' Motion for Summary Judgment (Doc. 30).

Pro se Plaintiff brings this action for employment discrimination based upon religion and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et.seq. Plaintiff alleges that he was denied employment by UC based on his religion and national origin.

## FACTUAL BACKGROUND

Plaintiff, a Muslim from Senegal, West Africa, claims that he applied for two positions at UC, the Program Coordinator position on April 30, 2004 and the position of Director, Student Development/CAS on March 1, 2004, and was denied both positions based on his religion and national origin. (*See* Doc. 2, Charge of Discrimination, attached). According to Plaintiff, with respect to the Program Coordinator position, UC's reason for denial was a desire to find a candidate whose background "more closely matched its need." (Id.). With respect to the position of Director, Student Development/CAS, UC's reason for denial was that the position was only available to candidates who already worked at UC at

that time. (Id). Further, Plaintiff claims that, since 2000, UC has denied him employment for several other positions for similar reasons. (Doc. 2). In response to Defendants' Motion for Summary Judgment, Plaintiff argues that he cannot remember all of the positions for which he applied, other than "Program Director, Learning communities position, university admissions, Management recruitment of Hispanic students." (Doc. 30; *see also* Doc. 29, Ex 1, Deposition of Amar Gueye, at 34-35). According to Plaintiff, UC makes a practice of employing Christian People of American descent in administrative positions. (Id.). This belief caused him to file his Charge of Discrimination on June 14, 2004. (Id.). On February 3, 2005, Plaintiff received notice from the Equal Employment Opportunity Commission ("E.E.O.C.") of his right to sue. Proceeding *pro se*, on February 4, 2005, Plaintiff filed the action at issue. (Id.).

## OPINION

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has

2

been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### Summary Judgment Should Be Granted in Favor of U.C.

In passing Title VII, Congress determined that sex, race, religion, and national origin are not relevant to the selection, evaluation, or compensation of employees. *Price Waterhouse v. Hopkins*, 57 U.S.L.W. 4469, 4472 (1989). "The principal focus of [Title VII] is the protection of the individual employee, rather than the protection of the minority group as a whole." *Connecticut v. Teal*, 457 U.S. 440, 453-54 (1982). The fact that a work force may be racially balanced cannot immunize an employer from liability for specific acts of discrimination. *Id.*; *Furnco Constr. v. Waters*, 438 U.S. 567, 579 (1978). The obligation imposed by Title VII is to provide an equal employment opportunity for each person regardless of race and without regard to whether members of that person's race are already proportionately represented in the work force. *Teal*, 457 U.S. at 454-55; *Griggs v. Duke Power Co.*, 401 U.S. 424, 430 (1971).

3

Plaintiff's claims are those of disparate treatment. In such a case, plaintiff has the burden of proving unlawful discrimination because of national origin or religion. Proof of discriminatory intent is crucial. *Rowe v. Cleveland Pneumatic Co., Numerical Control, Inc.*, 690 F.2d 88, 92 (6th Cir. 1982); *Chrisner v. Complete Auto Transit, Inc.*, 645 F.2d 1251, 1257 (6th Cir. 1981). Because of the difficulty of proving discriminatory motive, the Supreme Court has made available a special order of proof in employment discrimination cases, the initial stage of which is described as plaintiff's prima facie case. *Texas Depart. of Community Affairs v. Burdine*, 450 U.S. 248 (1981); *Askin v. Firestone Tire & Rubber Co.*, 600 F. Supp. 751, 753-54 (E.D. Ky. 1985), *aff'd without opinion*, 785 F.2d 307 (6th Cir. 1986). Plaintiff has offered no direct evidence of discrimination and must therefore establish his prima facie case of discrimination through circumstantial evidence which creates an inference of discrimination.[1]

Plaintiff may establish a prima facie case by showing that: (1) he belongs to a protected group; (2) he applied and was qualified for a job for which the employer was seeking applicants; (3) despite his qualifications, he was rejected; and (4) after his rejection, the position remained open and the employer continued to seek applicants from persons of plaintiff's qualifications. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Because the facts vary in Title VII cases, the aforesaid test is by no means the only way to prove a prima facie case of race discrimination. *Id.* at n.13. Plaintiff may also establish a prima facie case by introducing evidence that defendant treated him less favorably than similarly situated employees outside the protected class. *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335-36 n.15 (1977): *Shah v. General Electric*, 816 F.2d 264, 267 (6th Cir. 1987); *Beaven v. Commonwealth of Kentucky*, 783 F.2d 672, 675-76 (6th Cir. 1986).

The establishment of a prima facie case permits the "'inference of discrimination . . . because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors.'" *Shah*, 816 F.2d at 268 (quoting *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577

---

[1] When asked in his deposition whether anyone at U.C. made any discriminatory remarks regarding his religion or national origin, Plaintiff stated only that "res ipsa loquitur," or "the facts speak for themselves." (Id.). Unfortunately, Plaintiff has offered no facts which can speak for themselves other than: 1) he applied for multiple positions with U.C. over a six year period, and 2) he was not hired. Thus, Plaintiff has indirectly conceded that he possesses no direct evidence of discrimination on the part of U.C.

4

(1978)). Thus, by establishing a prima facie case, plaintiff creates a rebuttable presumption that defendant unlawfully discriminated against him. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). This presumption is a procedural device that temporarily ceases plaintiff's burden of producing evidence.

In the present case, it is undisputed that Plaintiff is a member of a protected group. However, Plaintiff has failed to establish that he was qualified for any of the positions sought. Aside from the positions referenced in his Complaint and his Response to Defendant's motion, Plaintiff testified that he cannot remember all the positions for which he applied. (Doc. 29, Deposition of Amar Gueye, at 34-35; *see also* Doc. 2, EEOC Charge; Doc. 30). With respect to those positions he was able to identify, Plaintiff has offered no evidence that he was qualified for such positions. Thus, Plaintiff has failed to establish the second element of his prima facie case. Moreover, other than his general allegation that he "believes that [he is] more qualified than the selected applicants," Plaintiff has offered no evidence that Defendant continued to seek applications from persons of Plaintiff's qualifications or treated him less favorably than similarly situated individuals outside the protected class. Thus, Plaintiff has likewise failed to establish the fourth element of his prima facie case. Plaintiff has presented no significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *See Sixty Ivy Street Corp.*, 822 F.2d at 1435; *Harris*, 873 F.2d at 931. For this reason, we find that Plaintiff has failed to establish a prima facie case of discrimination under Title VII.

For the reasons stated above, we conclude that there is no genuine issue for trial and find that summary judgment in Defendant's favor is appropriate. Therefore the Court recommends that Defendant's Motion for Summary Judgment be granted and Plaintiff's Complaint be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1) Defendant's Motion for Summary Judgment (Doc. 29) be GRANTED and Plaintiff's Complaint be DISMISSED.

2) This case be TERMINATED on the Court's Docket.

3) The Court should certify pursuant to 28 U.S.C. § 1915(a) that an appeal of its Order dismissing the action is not taken in good faith and that Plaintiff be denied leave to appeal *in forma pauperis*. Plaintiff would remain free to apply to proceed *in forma pauperis* in the Court of Appeals. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Date: 5/23/07

Timothy S. Hogan
United States Magistrate Judge

# NOTICE

Attached hereto is the Report and Recommended decision of The Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 5/24/07. Any party may object to the Magistrate's findings, recommendations and report within ten (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also* Fed. R. Civ. P. 72(b). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made along with a memorandum of law setting forth the basis for such objections. (Such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof. *See* Fed. R. Civ. P. 72(b).

J:\SMITHLE\SUMJUDG\Gueye2.msj.wpd

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Amar Gueye<br>799 E. McMillan #104<br>Cinti, OH 45206 | D. Is delivery address different from item 1? ☐ Yes<br>    If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered       ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee)   ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7002 0860 0000 1409 5901 | |

PS Form 3811, August 2001 — Domestic Return Receipt — 102595-01-M-2509

1:05cv81 Doc. 32