```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
```

| | | |
|---|---|---|
| AMAR GUEYE, | : | NO. 1-05-CV-00081 |
| Plaintiff, | : | |
| | : | **OPINION AND ORDER** |
| v. | : | |
| UNIVERSITY OF CINCINNATI, | : | |
| Defendant. | : | |

This matter is before the Court on the Magistrate Judge's May 23, 2007 Report and Recommendation (doc. 32), and Plaintiff's Response (doc. 33). For the reasons herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation.

On February 8, 2005, Plaintiff, a Senegalese Muslim, brought this action against the University of Cincinnati ("U.C."), alleging that it denied him employment based on his religion and national origin (doc. 2). Plaintiff alleges that Defendant refused to hire him for positions he applied for since 2000, based on its alleged practice of employing Christian people of American descent (Id.).

Defendant filed its motion for summary judgment, arguing it is entitled to summary judgment because Plaintiff has offered no direct evidence of discrimination, and also fails to establish discrimination by the indirect method (doc. 29). In his Report and Recommendation, the Magistrate Judge agreed (doc. 32). The

Magistrate Judge reviewed the record, found no direct evidence of discrimination, and then applied the McDonnell Douglas test for circumstantial evidence (Id. citing 411 U.S. 792, 802 (1973)). Under such test, Plaintiff can establish a prima facie case of discrimination by showing that 1) he belongs to a protected group, 2) he applied for and was qualified for a job for which the employer was seeking applicants, 3) despite his qualifications he was rejected, and 4) after his rejection, the position remained open and the employer continued to seek applicants from persons of plaintiff's qualifications (Id.).  Plaintiff may also establish a prima facie case by showing that Defendant treated him less favorably than similarly-situated individuals outside the protected class (Id.).

The Magistrate Judge found that Plaintiff failed to establish he was qualified for any of the positions that he sought, that Defendant continued to seek applications from persons of Plaintiff's qualifications, or that Defendant treated him less favorably than similarly-situation individuals outside the protected class (Id.).  In short, the Magistrate Judge found Plaintiff "has presented no significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial" (Id.).  Accordingly, the Magistrate Judge recommended that summary judgment in favor of Defendant should be entered (Id.).

In response, Plaintiff states he was not afforded the same opportunity to depose Defendant's employee, and that Defendant never responded to his interrogatories or document requests (doc. 33).  In the balance of his response, Plaintiff asserts his qualifications and argues that the Magistrate failed to take into consideration that a U.C. employee, Alicia Trammer, addressed his gender incorrectly.

The Court has reviewed the history of this matter, and concludes that the Magistrate Judge's conclusion is correct, notwithstanding Plaintiff's allegation that he was denied fair discovery.  The record does not support such allegation.  In response to the parties' joint motion on December 11, 2006, the Court extended discovery until January 31, 2007 (doc. 25). Plaintiff had equal opportunity to conduct discovery until the discovery cut-off.  The record reflects that Defendant compelled initial disclosures from Plaintiff as early as August 2006 (doc. 27), and Plaintiff was free to do the same but did not.  Plaintiff in no way demonstrates how Trammer's alleged remarks amount to a prima facie case.  The Court concludes that Plaintiff has failed to proffer evidence in support of his claims, and therefore concurs with the recommendation of the Magistrate Judge.

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 32), GRANTS Defendant's Motion for Summary Judgment (doc. 29), and TERMINATES this case on

the Court's docket.  The Court further CERTIFIES pursuant to 28 U.S.C. 1915(a) that an appeal of this Order would not be taken in good faith, and therefore the Court DENIES Plaintiff leave to appeal in forma pauperis.  Plaintiff is free to apply to proceed in forma pauperis in the Court of Appeals.  Coppedge v. United States, 369 U.S. 438, 445 (1962).

       SO ORDERED.

Date July 10, 2007       /s/ S. Arthur Spiegel\_\_\_\_
                            S. Arthur Spiegel
                            United States Senior District Judge